ELLIS, Judge.
This suit was instituted by the State of Louisiana through the Department of Highways, for the expropriation of a servitude of right of way on, over and across a parcel of ground owned by the defendant, consisting of one hundred sixteen one-thousandths (0.116) of an acre, together with the full ownership of the improvements situated thereon, composed of a brick barbeque pit and approximately fifteen feet of ornamental fence, flowers and a concrete walk, for highway purposes, in accordance with the authority conferred by Article VI, Sec. 19.1 of the LSA-Constitution of Louisiana and the provisions of LSA-R.S. 48:441 — 460. The servitude or right of way was required on State Highway La. U. S. 51 in the Parish of Tangipahoa, so as to eliminate to a great extent a sharp and hazardous “S” curve at the location of defendant’s property. The plaintiff deposited in the registry of the court a total amount of $4,560.00, which represented a value of $660.00 for the servitude expropriated and the improvements thereon, and $1500.00 for moving the residence adjacent to the servitude, and $1000.00, relocation costs such as new foundations, water connections, plumbing, and electrical connections, walks and a new septic tank.[1]
Defendant answered plaintiff’s petition and asked for $10,000.00 as a fair value for the servitude of right of way over the 0.116 acre together with the improvements thereon consisting of a brick barbeque pit and approximately fifteen feet of fence, and itemized his severance damages “and diminution in the market value of the remainder of his property caused by the taking herein of the public improvements, as follows:
“A. To the portion of property used as a home and restaurant:
(1) Loss of accessibility to restaurant-$15,000.00
(2) Utility or usefulness- 10,000.00
(3) Ingress and egress -- 5,000.00
(4) Accessibility to home 7,000.00
(5) La. U. S. Highway influence- 7,000.00
(6) Plottage and amenities - 5,000.00
(7) Light, air and view- - 5,000.00
$54,000.00”
Nowhere in the defendant’s answer does he allege it is necessary to move and relocate the residence or the commercial build *118 ing, nor does he request in his pleadings any amount for this purpose, however, it is conceded by the plaintiff it is necessary to move and relocate the residence. The necessity for the moving and relocation of the commercial building and the cost thereof was put at issue without objection.
After trial on the merits, the District Court rendered judgment in favor of the defendant for the value of the servitude of right of way taken, and the improvements in the amount of $660.00 and for the cost of moving the home, $1400,00, moving the restaurant and bar, $3600.00, the cost of relocating the house and commercial property, $6601.00, making a total award of $12,261.00, which represented $7,701.00 in excess of the amount of $4560.00 originally deposited in the registry of the Court.
The plaintiff deposited the excess award together with the accrued interest in the registry of the court.[2] The defendant withdrew the excess award under order of Coürt and the matter is now before this court on a devolutive appeal taken by the plaintiff.[3]
There is no dispute by either plaintiff or defendant as to the correctness of the amount deposited in the registry of the' court, which was the same amount awarded by the District Court, for the servitude of right of way and the improvements thereon in the amount of $660.00. Both parties agree it is necessary to move the residence of the defendant and Richard W. Darouse, who has been engaged in such a business, in the surrounding area for a number of years fixed the cost of moving the house to its new location at $1400.00. Darouse stated he was not an expert in the building-business but only in moving, and would give no estimate whatsoever as to the relocation costs. Mr. Thompson, the expert-on behalf of the plaintiff, fixed the moving cost at $1500.00 and estimated the cost of the relocation of the house, meaning rein-stallation and reconnection of outside plumbing, gas connections, outside electrical work, foundations and septic tank at *119 the sum of $1000.00 but did not break down this lump sum estimate. The defendant also offered the testimony of Kelly Giacone, a contractor and builder of many years experience, who testified in his opinion the cost of moving and relocation of the house and commercial building would be $12,-202.00. He gave this lump sum figure without breaking it down in any manner whatsoever as to the cost of labor and materials for new foundations, pipe and plumbing, reconnection of the electricity and gas, and installation of a new septic tank in connection with the relocation of the residence and the commercial building. The Lower Court found it necessary to move and relocate both buildings but specifically found that it would be dangerous to the public .and the commercial building not to move .and relocate it due to its proximity the right of way. The Lower Court stated that it should be moved approximately fifteen feet farther from the right of way, in which ■case it would only be necessary to add an .additional fifteen feet to the presently existing concrete slab. The testimony of plaintiff's expert, Thompson, and defendant’s expert, Giacone, because of their failure in breaking d&wn or detailing their ■estimates of the costs of relocation of the residence is practically worthless and, at most, totally insufficient for this court to base any judgment on this item. It is also ■obvious that the relocation of the residence would not be as costly as the relocation of the commercial building, particularly if the latter is to be moved completely off of the ■old concrete slab and Giacone’s testimony ■does not separately estimate the cost of relocating each building. Additionally, the record reveals that Giacone testified his estimate was based upon the expectancy ■of the buildings being considerably damaged by the mover, which would necessitate ■quite a bit of additional work in their relocation. This basis is purely speculative and should not have been included in his ■estimate.
The plaintiff originally contended, and its experts so testified, that it is not necessary to move and relocate the restaurant and bar building as the building was serving the same purpose for which it has always been used and in the same capacity and produced approximately the same revenue to the defendant, and the customers were parking in the same place and some of them were using the public property for this purpose in front of the establishment as they had prior to the reestablishment of the right of way. Also that the addition of a parking lot on the south of the building would guarantee defendant ample parking space without the co-owned north parking lot. In order to remove any doubt as to the sufficiency of the parking space or damage because of the expropriation by virtue of the fact that the building is closer to the east right of way line than previously, the plaintiff had deposited the sum of $1400.00 to establish a parking lot on the south side of the building. There was and had been since the construction of the restaurant and bar building a parking lot on the north of the building which was owned by the defendant and his co-heirs in indivisión. Defendant always had the full use of this plot of ground for parking.
The record reflects that the defendant’s commercial building was approximately eighteen feet from the pre-existing right of way line and after the expropriation it was approximately six feet at the nearest point from the present right of way line. This building was approximately fifty four feet from the edge of the pavement prior to the expropriation and is now approximately forty feet. A photograph offered in evidence by the defendant of the widened pavement and highway together with the front of the commercial building showed an automobile and a truck parked in front of the building. Apparently they are quite a safe distance from the paved portion of the highway. Additionally, in the main it is clear that the large parking lot on the north of this building was always intended to handle the customers as the front parking area is limited to the width of the building or approximately twenty-two feet, *120 which would only accommodate about three motor vehicles. If parking space or a lot were established on the south of the building there would never be any more danger to the building than to scores of other business establishments within forty feet of the paved portion of the highway unless the curve constitutes an additional hazard. The plaintiff’s witnesses testified to a number of business establishments which were right up against the right of way line and their main parking space in front was on the right of way of Highway 51. It is true that these establishments are in the corporate limits of Amite and the speed limit is much less than along the highway in front of the defendant’s place of business.
 The defendant-owner offered no testimony to support the necessity for the moving and relocation of the commercial building other than the mere statement that he intended to move the commercial building. It is well settled by the jurisprudence of this state as well as the statute that when a defendant-owner contests the value as being in excess of the estimate and amount deposited in the registry of the court. by the State, he, under LSA-R.S. 48:453, “has the burden of proving his claim.” He must produce convincing evidence that the value is in excess of that shown in the estimate on which the Department of Highways has made the deposit. State v. Rownd, supra. The defendant herein has completely failed to bear the burden of proof as to the necessity of moving and relocating the commercial building and no award can be decreed by this court for that purpose.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed only as to its award of $660.00 for the servitude of right of way and the improvements thereon, and $1500.00 for moving the residence, and that the judgment of the lower court be reversed as to the sum of $3600.00 awarded for moving the commercial building and the sum of $6560.00 awarded for relocating the commercial building and the residence.
It is further ordered, adjudged and decreed that there be judgment in favor of the defendant in the sum of $1400.00 for the establishment of an additional parking lot and facilities in connection with the commercial building.[4]
For the above and foregoing reasons, this case is hereby remanded to the District Court for the sole purpose of allowing the parties to introduce testimony as to the detailed cost of relocating the residence and which shall not include any costs for moving this building as the sum of $1500.00 has been established and accepted by both parties as a just amount for such services.
Affirmed in part, reversed in part and remanded.
REID, J., recused.

. The plaintiff conceded there would be a loss in value of the defendant as the result of his residence being located within six or seven feet of the new right of way line and in order to cure this damage the plaintiff estimated and deposited in the registry of the court $2500.00 which it deemed sufficient to move and relocate the residence, and the amount of $1400.00 to develop a parking area along the south side of a commercial building used as a restaurant and bar, belonging to the defendant and located close to the right of way line of the highway.

. In State of La. through Dept. of Highways v. Wm. S. Rownd, Jr. and State of La. through Dept. of Highways v. Ford Graham, La.App., 119 So.2d 282 the court held: “Department of Highways, on appeal from decision of District Court increasing awards to property owners in expropriation proceedings, was required to deposit additional amount of award in registry of court, or to pay necessary amount directly to landowners, and in doing either one or the other, it did not acquiesce in nor confess' the judgments from which it had appealed and landowners were not entitled to have appeal dismissed because of alleged acquiescence of Department of Highways in the judgment. LSA-R.S. 19:13, 48:441, et seq., 48:454, 48:459; LSA-C.C. Art.. 2634; Code of Prac. Art. 567. * * *
“When we refer to the general - expropriation laws which are: to be found in LSA-R.S. 19, we find that section 13, as amended by Act 706 of 1954 thereof, reads as follows: ‘There is no suspensive appeal from any judgment rendered in an expropriation suit. When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the property described in the judgment in the same manner as would a voluntary conveyance. If any change in the amount awarded is made on that appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.’ ”

. The lower court in arriving at the final judgment in this case of $12,261.00 deducted the sum of $1000.00 as testified to by plaintiff’s expert Thompson, as the cost of relocating the residence, from the total estimate of $12,202.00 testified to-by defendant’s witness, Giacone, as the-cost of relocating the residence and commercial building, which left $11,202.00, The Court then divided this amount in. half which is $5601.00. Evidently the-Court considered and accepted this amount as the cost of relocation of the commercial building for it then added to this amount $1000.00, cost of relocation of the residence, giving a total of $6601.-00 for the cost of relocation of the commercial building and residence to which, was added $5000.00, cost of moving both-buildings and $660.00, the value of the-servitude and right of way and improvements thereon, which totalled the amount, of the awhrd of $12,261.00.

. The judgment will therefore total $3560.00.